[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Frank W. Bugryn, Jr., appeals from the defendant's Statement of Compensation and applies to have it reviewed by the court.
The defendant, City of Bristol, through its power of eminent domain, condemned the real estate at issue herein and on February 24, 2000 filed a Statement of Compensation and deposited with the Clerk of the Superior Court the sum of Ninety Thousand ($90,000) Dollars for the benefit of the plaintiff.
The court finds that the plaintiff is aggrieved by the taking by the defendant and has standing to contest the defendant's valuation of the said real estate.
The real estate at issue herein, 269 Middle Street, Bristol, Connecticut, is owned by the plaintiff, consists of a parcel of land 100 feet by 125 feet amounting to 0.29 acres, improved by a one-family ranch-style dwelling built in 1958 having five rooms with one bath and fireplace together with an attached one-car garage. It is located on a heavily traveled highway in a mixed residential, commercial and industrial area. Evidence presented by the parties through qualified appraisers valued the premises by the plaintiff's appraiser at $110,000, and by the defendant's appraiser at $104,000 reduced to $102,000 when testifying because his original appraisal based on the premises having a bath and one-half, whereas it had only one bath.
The differences in valuations between the appraisers were based in part on the comparable sales each used as his basis for arriving at the valuation.
The court, after hearing the evidence presented by the witnesses, examining the exhibits introduced and taking into consideration the arguments presented by each party, determines that the fair compensation to the plaintiff is the market value of the plaintiffs premises of CT Page 12292 $106,000.00. The court finds that this valuation is fair and just.
The court further finds that interest at the rate of 8 percent on the unpaid amount is fair and just. This interest rate is to apply to that portion of the compensation found by the court to be fair and just and that is in excess of the $90,000 deposited by the defendant with the Clerk of the Superior Court. The payment of interest is to cover the period from February 24, 2000 to the date of the payment by the defendant to the plaintiff on the sum between the $90,000 previously paid to the clerk of court and the sum of $106,000 found by the court to be fair and just compensation for the property condemned by the defendant.
Therefore, judgment is to enter for the plaintiff to receive the sum of $106,000 less the sum of $90,000 previously paid by the defendant, with interest at the rate of 8 percent on the unpaid balance, plus all costs of $578.50 which includes the appraiser's fees of $350.00.
Julius J. Kremski, J.T.R. CT Page 12293